

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 7082 | **DATE** | 4/30/2001 |
| **CASE TITLE** | Alma Diaz etc.  Vs. Joe Rizza Ford, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

> Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____.  Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]    Enter Memorandum Opinion and Order. Defendant's motion to stay proceedings is denied. Status hearing set for May 31, 2001 at 9:45am.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | 5/1/01 | 12 |
| ✓ | Docketing to mail notices. | | date docketed | |
| | Mail A 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| WAH | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ALMA DIAZ, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. 00 C 7082 |
| JOE RIZZA FORD, INC., | ) ) | |
| Defendant. | ) | |

DOCKETED
MAY 0 1 2001

## MEMORANDUM OPINION AND ORDER

Plaintiff filed this class action in federal court, contending that defendant has violated the Truth in Lending Act (TILA) in part because of what it did and did not do with respect to debt cancellation coverage, commonly called "GAP" insurance. She also filed a state court action the same day. There she sued Joe Rizza Ford, Inc. (Joe Rizza) and also joined Old Kent Bank, the purported purchaser of retail installment obligations. In that action she alleges various state and federal claims arising out of her purchase of two vehicles, claiming that Joe Rizza inflated the price on the first vehicle and charged an unconscionable amount for the second, charged her for GAP coverage and extended service contract coverage she did not ask for and did not want, unilaterally extended the contract term on the second vehicle, sold her defective vehicles, and failed to provide a required written statement and required terms.

Defendant, understandably concerned about having to defend against plaintiff in two courts at the same time and about the possibility of having to pay plaintiff's attorneys' fees in two actions, moves to stay the proceedings here. It relies on the <u>Colorado River</u> abstention doctrine.

Both parties have cogently argued the reach of that doctrine, but we do not believe it necessary to discuss it in detail here. Both cases arise from plaintiff's vehicle transactions with defendant, and the GAP coverage figures in both. We do not believe, however, that they can truly be described as parallel actions or that the state action protects the federal plaintiff's rights.

The state action claims are personal to plaintiff. The GAP coverage is but a small portion of those claims. Plaintiff's personal stake in the federal action TILA claim is likewise rather modest, certainly far less than the claims she advances in state court. The TILA claim becomes a matter of substance only if it can be pursued as a class action. Could plaintiff join her class claim with her personal claims in state court? We think not. We have some difficulty in casting plaintiff as an appropriate class representative in an action in which she has a far greater stake in her personal claims than in her class claim. In short, we consider it unlikely that plaintiff could pursue a class claim in the pending state action. Accordingly, we deny the motion to stay. We expect, however, the parties to coordinate their discovery so as to avoid duplication. Any discovery in the state action may be used here without any further leave of court.

JAMES B. MORAN
Senior Judge, U. S. District Court

April 30 , 2001.