Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 7082 | **DATE** | 7/26/2001 |
| **CASE TITLE** | Alma Diaz etc. Vs. Joe Rizza, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant moves to dismiss. But t can be flushed out by treating the motion to dismiss as a motion for summary judgment. Plaintiff sh respond to the motion, treated as one for summary judgment, by August 16, 2001. Reply to answer to filed by August 30, 2001. Count II is dismissed.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUL 3 0 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | 19 |
| | Mail A 450 form. | | | |
| | Copy to judge/magistrate judge. | 01 JUL 27 PM 12:05 | date mailed notice | |
| WAH | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALMA DIAZ, individually and on behalf of all others similarly situated, )<br><br>Plaintiff, )<br><br>vs. )<br><br>JOE RIZZA FORD, INC., )<br><br>Defendant. ) | No. 00 C 7082 |

## MEMORANDUM OPINION AND ORDER

Plaintiff alleges that she purchased on credit from defendant a 1998 Ford Expedition motor vehicle in March 2000, and a 1999 Ford Explorer motor vehicle in May 2000. She claims that defendant did not give her the disclosures required by the Truth in Lending Act with respect to either purchase. She also claims that defendant sold her debt cancellation coverage, or "GAP" insurance, on both occasions without disclosing that the purchase was voluntary and without obtaining an affirmative written request from plaintiff for that coverage. She seeks to represent a class with respect to both claims.

Defendant moves to dismiss, relying upon retail installment contracts and GAP insurance contracts, copies of which are attached to the motion as exhibits. The retail installment contracts make the required disclosures and the GAP insurance contracts recite that plaintiff is not required to participate but has elected to do so. We understand that plaintiff executed all four agreements. "Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." Venture Associates v. Zenith Data Systems, 987 F.2d 429, 431

(7th Cir. 1993).

Plaintiff insists that the contracts are not referred to in the complaint and are not central to her claim. The contention that the contracts are not referred to in the complaint is somewhat disingenuous. No one supposes that the purchase of motor vehicles from a dealer on credit was accomplished on handshakes. Plaintiff does not suggest that the contracts that are copied to the motion are not documents she executed in connection with the purchases she complains about. She may possibly have a point, however, with respect to count I, that the retail installment contracts are not central to her claim because she is complaining about when the disclosures were made. That is, she claims that the disclosures were not made prior to the consummation of the transactions. What the facts may be supporting that claim we are not told. But that can be flushed out by treating the motion to dismiss as a motion for summary judgment. There need not be discovery for now, as plaintiff can by affidavit state what she claims the facts to be respecting those purchases. Plaintiff shall respond to the motion, treated as one for summary judgment, by August 16, 2001. Defendant shall reply by August 30, 2001.

The same cannot be said about count II. The GAP insurance contracts are central to her claim and are contrary to plaintiff's allegations. Her state of mind is irrelevant. Count II is dismissed.

JAMES B. MORAN
Senior Judge, U. S. District Court

July 26, 2001.