# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 7082 | **DATE** | 11/2/2001 |
| **CASE TITLE** | Alma Diaz etc. Vs. Joe Rizza Ford, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

> Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Accordingly, we grant summary judgment for the defendant.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | Document Number |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | NOV 0 6 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 28 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| WAH | courtroom deputy's initials | 01 NOV -5 AM11:19 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

ALMA DIAZ, individually and on behalf )
of all others similarly situated, )
                                          )
            Plaintiff, )
                                            )
     vs. )     No. 00 C 7082
                                            )
JOE RIZZA FORD, INC., )
                                            )
            Defendant. )

DOCKETED
NOV 0 6 2001

## MEMORANDUM OPINION AND ORDER

On July 26, 2001, we left for future decision one claim: that defendant did not give plaintiff timely disclosures required by the Truth In Lending Act (TILA) with respect to her purchases of vehicles in March 2000 and May 2000. We directed that the then motion to dismiss that claim be treated as a motion for summary judgment, in hopes that the facts could be made more specific. Plaintiff thereafter filed an affidavit stating that she did not get a copy of either retail installment contract "in a form that I could keep, before I signed the document. I only received a copy after I signed the document." But that does not disclose when she claims she received the documents and under what circumstances. Plaintiff's counsel has advised that she cannot do better than that – she cannot recall if she received a copy immediately after signing or a day or so later.

At the court's suggestion, defendant then filed an affidavit. That discloses that defendant uses a three-copy form. The top form is filled out after the terms have been negotiated, and the customer, after an opportunity to review it, signs the top form – the imprint of her signature appearing also on the second and third pages. The top copy is then separated from the other two copies and given to the customer, generally immediately, but

in all events before the customer leaves the premises.

Plaintiff contends that scenario violates TILA and Regulation Z, 12 C.F.R. §226.17, because defendant failed to give her a copy of the required disclosures in a form she could keep before consummation of the transaction, and several cases lend support to that view. *See* Polk v. Crown Auto, Inc., 221 F.3d 691 (4th Cir. 2000); Brugger v. Elmhurst KIA, 2001 WL 845472 (N.D.Ill.); Harris v. Castle Motor Sales, Inc., 2001 WL 477241 (N.D.Ill.); Walters v. First State Bank, 134 F.Supp.2d 778 (W.D.Va. 2001); Holley v. Gurnee Volkswagen and Oldsmobile, Inc., 2000 WL 243191 (N.D.Ill.); Lozada v. Dale Baker Oldsmobile, Inc., 197 F.R.D. 321 (W.D.Mich. 2000). We do not quarrel with that concept but we do not believe that it aptly describes what happened here.

TILA dictates that required disclosures be made before credit is extended. 15 U.S.C. §1638(b). Here the form was completed, with all required disclosures, before plaintiff signed. But TILA is amplified by Regulation Z, which provides as follows:

> (a) Form of disclosures.
>    (1) The creditor shall make the disclosures required by this subpart clearly and conspicuously in writing, in a form that the consumer may keep... .
> (b) Time of disclosures.  The creditor shall make disclosures before consummation of the transaction... .

Read independently, those provisions require that the disclosures be made before consummation of the transaction and that they be made in a form that the consumer may keep, but they do not necessarily require that the form be furnished to the customer before consummation of the transaction. The court so recognized in Polk v. Crown Auto, Inc., *supra*, but it concluded that the provisions must be read together, with the form being furnished prior to the consummation of the transaction, in order to implement the purpose of TILA. We agree, but not to the extent that we invalidate defendant's procedures here.

The enhancement of the ability to comparison-shop is one purpose of TILA, but not the only one. The overriding purpose is to promote the informed use of credit, and requiring substantially similar and full disclosures in a form that the consumer may keep enhances the ability to custom-shop, reduces the likelihood of uninformed use of credit, and protects the consumer from subsequent changes in the terms. 15 U.S.C. §1601. Plaintiff here was informed, and was protected because she took away her copy. Further, there is nothing to suggest that she could have not taken away all three copies or the top copy, or notes of the terms, without executing them, if she had so desired. And, she was in physical possession of all three copies when she signed. Presumably plaintiff would agree that defendant was in compliance with Regulation Z if it had removed the top copy at its perforations and handed it to her before she signed. But in any event, it was "her" copy, and we fail to see any meaningful distinction between separation of the copies before or after she signed. Accordingly, we grant summary judgment for the defendant.

_James B. Moran_
JAMES B. MORAN
Senior Judge, U. S. District Court

_Nov. 2_, 2001.

# United States District Court
## Northern District of Illinois
### Eastern Division

Alma Diaz etc.

v.

Joe Rizza Ford, Inc.

**JUDGMENT IN A CIVIL CASE**

Case Number: 00 C 7082

☐ Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

■ Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that we grant summary judgment for the defendant.

Michael W. Dobbins, Clerk of Court

Date: 11/2/2001

Willie A. Haynes, Deputy Clerk